# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

MARY HEATHER MCAFEE, ZAHER MURRAY )
and GEORGE WRIGHT, on behalf of themselves )
and all similarly situated individuals, )
                                     )
        Plaintiffs, )
                                       )
v. )        Civil Action No. 3:23-cv-439
                                       )
MERIDIANLINK, INC., )
                                       )
        Defendant. )

---

## DEFENDANT MERIDIANLINK, INC.'S RESPONSE IN SUPPORT OF PLAINTIFFS' MOTION TO SEAL

---

Defendant MeridianLink, Inc. ("MeridianLink"), by its undersigned counsel, under Rule 5 of the Local Rules of the United States District Court for the Eastern District of Virginia, the Court's Order (ECF No. 43), and the Protective Order entered in this matter on December 20, 2023 (ECF No. 20), submits this response supporting Plaintiffs' Motion to Seal Exhibit 1 to its Motion to Compel (ECF No. 38, ECF No. 40-1), showing the Court as follows:

### I.    Plaintiffs Did Not Confer on Their Confidentiality Objections.

The Protective Order (ECF No. 20) sets forth both the procedure for filing a confidential document and the procedure for challenging a confidentiality designation. Under Paragraph 10, before filing a document designated confidential by another party, the party seeking to file must notify the designee of their intent to file and confer on an appropriate filing under Local Rule 5. Likewise, if a party challenges a designation, Paragraph 9 of the protective order provides a specific process for conferring on that challenge and, if necessary, notifying the Court. Plaintiffs did not follow either Paragraph 9 or Paragraph 10 of the Protective Order with respect to ECF No.

40-1. Instead, the first time MeridianLink learned that the document it had designated as confidential was being filed was upon seeing the motion to seal. Likewise, Plaintiffs motion was the first time it heard that Plaintiffs had any objection to the designation.

Because MeridianLink does not contest the filing under seal, it did not believe it was required to respond to Plaintiffs' motion under the notice provisions of Local Rule 5(C). And, because Plaintiffs had not followed the Protective Order's conferral process by first asking in their motion that the Court unseal Exhibit 1 to their motion, MeridianLink did not believe the request to unseal buried in their memorandum *in support of the motion to seal* had been appropriately lodged or that it required a response. That said, MeridianLink appreciates the opportunity to be heard on this issue as set forth in the Court's Order. (ECF No. 43.)

**II.     ECF 40-1 Is a Business Confidential Contract.**

The Court has the authority to seal court documents "if the public's right of access is outweighed by competing interests." *Ashcraft v. Conoco, Inc.*, 218 F.3d 282, 302 (4th Cir. 2000) (citation omitted). As acknowledged in Plaintiffs' motion, the public has no legitimate interest in business information that is confidential and proprietary to MeridianLink. *Id.* at *4. Indeed, a corporation's confidential and proprietary information is considered a type of property to which the corporation has an exclusive right and benefit. *See, e.g.*, *Carpenter v. United States*, 484 U.S. 19, 26 (1987). In recognition of these protections, the Fourth Circuit and other federal courts have held that sealing is appropriate for documents a company holds as confidential in the ordinary course of business and makes unavailable to the public. *See, e.g.*, *Glob. Tel\*Link Corp. v. JACS Sols., Inc.*, No. 1:23CV179 (TSE/WEF), 2023 WL 9197897, at *1-2 (E.D. Va. Oct. 4, 2023); *Adams v. Object Innovation, Inc.*, No. 3:11-cv-272-REP-DWD, 2011 WL 7042224, at *4 (E.D.

Va. Dec. 5, 2011); *Flexible Benefits Council v. Feltman*, No. 1:08CV371 (JCC), 2008 WL 4924711, at *1 (E.D. Va. Nov. 13, 2008).

Exhibit 1 ("Technical Affiliate Agreement") to Plaintiffs' motion to compel is a document MeridianLink produced in this litigation marked "CONFIDENTIAL" under the Protective Order. (ECF No. 20.) The Technical Services Agreement is one of a number of business contracts related to MeridianLink's role as a provider of software that facilitates the transmission of data from the three nationwide credit reporting agencies to consumer reporting agencies in the mortgage context. Because these business agreements address the specifics of MeridianLink's confidential business relationships with others in the industry, they are sensitive and proprietary. Additionally, the agreement itself provides that its terms shall be kept confidential and not disclosed without prior written consent. MeridianLink therefore respectfully asks that the Court uphold the CONFIDENTIAL designation applied during discovery and seal Exhibit 1.

This 29th day of April 2024.

/s/ *Matthew O. Gatewood*
Matthew O. Gatewood
Virginia State Bar No. 89843
GATEWOOD PLLC
1455 Pennsylvania Avenue NW, Suite 400
Washington, DC 20004
(202) 464-1441
mog@gatewood-law.com

*and*

Eileen Hintz Rumfelt*
Jason McCarter*
MILLER & MARTIN PLLC
1180 West Peachtree Street NW, Suite 2100
Atlanta, Georgia 30309
(404) 962-6100
eileen.rumfelt@millermartin.com
jason.mccarter@millermartin.com

*Admitted Pro Hac Vice*

*Counsel for Defendant MeridianLink, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of April, 2024, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF System which will then send a notification of such filing to the following:

Kristi C. Kelly
Andrew J. Guzzo
KELLY GUZZO PLC
3925 Chain Bridge Road, Suite 202
Fairfax, VA 22030

Dale W. Pittman
LAW OFFICE OF DALE W. PITTMAN, P.C.
112-A W Tabb Street
Petersburg, VA 23803-3212

Joseph C. Hashmall
Eleanor M. Drake
Zachary M. Vaughan
BERGER MONTAGUE PC
1229 Tyler Street NE, Suite 205
Minneapolis, MN 55413

By: _Matthew O. Gatewood_
Matthew O. Gatewood